IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JUAN ANTONIO AVALOS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-07-531-S-BLW |
| | ) | |
| v. | ) | |
| | ) | **INITIAL REVIEW ORDER** |
| STATE OF IDAHO,  and | ) | |
| FIGUEROA, Warden, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

On December 17, 2007, Idaho state prisoner Juan Antonio Avalos filed a

Petition for Writ of Habeas Corpus with this Court under 28 U.S.C. § 2254.

Federal habeas corpus relief is available to state prisoners who show that they are

being held in state custody in violation of the Constitution, laws, or treaties of the

United States.  *See* 28 U.S.C. § 2254(a).

The Court is required to screen habeas petitions upon receipt to determine

whether they are subject to summary dismissal.  *See* Rule 4 of the Rules Governing

Section 2254 Cases.  Summary dismissal is appropriate where "it plainly appears

from the face of the petition and any exhibits annexed to it that the petitioner is not

entitled to relief in the district court."  *Id*.

**INITIAL REVIEW ORDER - 1**

## REVIEW OF THE PETITION

After a jury trial in state court, Petitioner was convicted of trafficking in methamphetamine or amphetamine, and he was sentenced to 20 years in prison with the first 10 years fixed.  On direct appeal, Petitioner unsuccessfully argued that his sentence was excessive.  The Idaho Supreme Court issued its Remittitur on September 30, 2004.

On August 24, 2005, Petitioner filed an application for post-conviction relief in state district court, which was denied after an evidentiary hearing.  It appears that the Idaho Supreme Court dismissed Petitioner's post-conviction appeal because his appointed counsel filed an untimely notice of appeal, though that is not entirely clear.

In the present federal habeas action, Petitioner alleges that he was deprived of his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments.  The Court concludes that Petitioner has alleged that he is in custody in violation of the United States Constitution, and the Petition will not be dismissed at this time.  It appears, however, that the Petition may be untimely and that the constitutional claim raised therein has not been fairly presented to the Idaho Supreme Court and is now procedurally defaulted, but the Court is not able to make those assessments conclusively at this time.  The Court would instead

**INITIAL REVIEW ORDER - 2**

benefit from access to the state court record and from Respondent's response.

Petitioner should be aware of the following standards of law that may apply, depending on the facts and circumstances of his case.

(1)   <u>Statute of Limitations</u>

The Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) (enacted in 1996).  Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The one-year period  begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D).  The most common triggering event is the date upon which the conviction became final, either after direct appeal or after the time for seeking an appeal expired.

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  Thus, to the extent that Petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitation period.

The limitations period also may be tolled for fairness reasons when

**INITIAL REVIEW ORDER - 3**

extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling").  *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005).  A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

  (2) <u>Exhaustion and Procedural Default</u>

  In addition to satisfying AEDPA's statute of limitations, a petitioner must also have "exhausted" his state court remedies before including a claim in a federal habeas petition.  28 U.S.C. § 2254(b).  To exhaust a claim properly, a petitioner must first have fairly presented it to the highest state court for review in a procedurally proper manner under state law.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim.  28 U.S.C. § 2254(b)(2).

  Petitioner must also be mindful that state remedies are considered technically exhausted, but not *properly* exhausted, if he failed to pursue a federal claim in state court and there are no remedies now available.  *O'Sullivan*, 526 U.S. at 848.  A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the

claim on a clearly expressed and consistently applied state procedural ground.

*Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).  Under these circumstances,

the claim is considered to have been "procedurally defaulted."  *Coleman,* 501 U.S.

at 731.  A procedurally defaulted claim will not be heard in federal court unless the

petitioner shows either that there was legitimate cause for the default and that

prejudice resulted from the default, or, alternatively, the petitioner is actually

innocent, and that there will be a miscarriage of justice if the federal claim is not

heard.  *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily

demonstrate that some objective factor external to the defense impeded his or his

counsel's efforts to comply with the state procedural rule at issue.  *Murray v.*

*Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice," a petitioner bears "the

burden of showing not merely that the errors [in his proceeding] constituted a

possibility of prejudice, but that they worked to his actual and substantial

disadvantage, infecting his entire [proceeding] with errors of constitutional

dimension."  *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he

can still bring the claim in a federal habeas petition if he demonstrates that failure

to consider the claim will result in a "fundamental miscarriage of justice," which

**INITIAL REVIEW ORDER - 5**

means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

      (3)    <u>Claims Proceeding on Merits</u>

For any of Petitioner's claims that survive these procedural requirements and proceed on the merits, Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## MOTION FOR THE APPOINTMENT OF COUNSEL

**INITIAL REVIEW ORDER - 6**

Petitioner has requested appointment of counsel.  There is no constitutional right to counsel in a habeas corpus action, but a habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases.  In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice.  28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).  Whether counsel should be appointed turns on Petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits.  *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Without reviewing Respondent's response and the state court record, the Court has insufficient information to make a determination of whether an evidentiary hearing is necessary, or whether appointment of counsel would be appropriate for another reason.  Therefore, the Court will presently deny the request for appointment of counsel, but will reconsider it, if necessary, after it reviews Respondent's submissions.

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's

Application to Proceed in Forma Pauperis (Docket No. 1) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion for the Appointment

of Counsel, contained within his Petition, is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall serve the petition

(Docket No. 2), together with a copy of this Order, on the Attorney General for the

State of Idaho, on behalf of Respondent, as follows:

> L. LaMont Anderson
> Office of the Idaho Attorney General
> P.O. Box 83720
> Boise, ID 83720-0010.

If service of the Petition has previously been made to the Attorney General,

the Clerk of Court need not send an additional copy unless requested.

IT IS FURTHER HEREBY ORDERED that Respondent shall file an answer

or other appropriate responsive motion within 60 days after the entry of this Order.

Respondent shall file with the responsive pleading or motion, or within a

reasonable time period thereafter, a copy of all portions of the state trial record that

have been transcribed previously which are relevant to a determination of the

issues presented.  Any state court pre-sentence evaluation reports shall be filed

under seal of this Court without an accompanying motion.

**INITIAL REVIEW ORDER - 8**

IT IS FURTHER HEREBY ORDERED that if Respondent opts to file a motion to dismiss instead of an answer, Petitioner shall file a response to the motion within 30 days after service of the motion.  Respondent may file a reply within 14 days after service of the response.  The Court will resolve the matter and, if necessary, will issue a new scheduling order for the filing of additional pleadings.

IT IS FURTHER HEREBY ORDERED that if Respondent opts to file an answer to the Petition under Rule 5 of the Rules Governing Section 2254 Cases, the parties shall file all dispositive motions within 30 days after the answer is filed. A dispositive motion, such as a motion for summary judgment, shall fully brief all claims on the merits and contain appropriate citations to the record.  Responses shall be due within 30 days after service of motions.  Reply briefs shall be due within 14 days after service of responses.

IT IS FURTHER HEREBY ORDERED that these deadlines supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

IT IS FURTHER HEREBY ORDERED that Petitioner shall at all times keep

**INITIAL REVIEW ORDER - 9**

the Court and Respondent advised of any changes in address.  Failure to do so may

result in dismissal.



DATED:  **January 10, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER - 10**