IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUAN ANTONIO AVALOS,  )<br>  )<br>    Petitioner,  )<br>  )<br>    v.  )<br>  )<br>STATE OF IDAHO, and  )<br>FIGUEROA, Warden,  )<br>  )<br>    Respondents.  )<br>_____ ) | Case No. CV-07-531-S-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Pending before the Court is Respondent's Motion for Summary Dismissal. The Court finds that decisional process would not be aided by oral argument, and it shall resolve this matter on the written record after consideration of the parties' submissions. D. Idaho L. Civ. R. 7.1(d)(2).

For the reasons that follow, the Court will grant Respondent's Motion, and this case shall be dismissed.

## BACKGROUND

After a jury trial in state court, Petitioner was convicted of trafficking in methamphetamine or amphetamine, and he was sentenced to 20 years in prison with the first 10 years fixed. (State's Lodging A-1, pp. 56-57.) On direct appeal, Petitioner argued unsuccessfully that his sentence was excessive. (State's Lodgings

**Memorandum Decision and Order - 1**

B-1, B-3.)  The Idaho Supreme Court issued its Remittitur on September 30, 2004.  (State's Lodging B-7.)

Petitioner next filed an application for post-conviction relief, which the district court denied after holding an evidentiary hearing.  (State's Lodging C-9.)  Petitioner's appointed counsel submitted a notice of appeal, but she did so three days too late.  (State's Lodging C-10.)  As a result, the Idaho Supreme Court issued a conditional order of dismissal and provided Petitioner with an opportunity to respond.  (State's Lodgings D-2.)  The state district court thereafter appointed new counsel, the Idaho State Appellate Public Defender (SAPD), but it is unclear whether the SAPD became aware of the Supreme Court's conditional order of dismissal.  (State's Lodging C-11.)  In any event, the SAPD did not respond to that order, and the appeal was dismissed as untimely on July 12, 2007.  (State's Lodgings C-12, D-3.)

On December 17, 2007, Petitioner submitted his current Petition for Writ of Habeas Corpus, claiming that he was deprived of his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments during the state court proceedings.  (Docket No. 2.)  Respondent has since filed his Motion for Summary Dismissal, arguing both that the Petition is untimely and that the ineffective assistance of counsel claim was not properly exhausted in the Idaho

**Memorandum Decision and Order - 2**

Supreme Court and is now procedurally defaulted. (Docket No. 9.)

Because the Court is persuaded that the habeas claim is clearly procedurally defaulted, it will dismiss this case on that basis without reaching Respondent's alternative argument. *See* Rule 4 of the Rules Governing Section 2254 Cases.

## STANDARD OF LAW

A habeas petitioner must exhaust his state court remedies before a federal court can reach the merits of a constitutional claim. 28 U.S.C. § 2254(b)(1)(A). To satisfy this requirement, any claim asserted in the federal petition must have been "fairly presented" to the highest state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Fair presentation of a claim requires that the highest state court have an opportunity to consider the alleged constitutional defect on the merits before a federal court intervenes. *Picard v. Conner*, 404 U.S. 270, 276 (1971).

When a petitioner has not fairly presented a federal constitutional claim to the state courts, and it is clear that any attempt to do so now would be barred by a state procedural rule that is independent of federal law and adequate to support the state court's judgment, the claim is considered to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A federal claim is also defaulted when the petitioner actually attempted to raise it, but the state courts denied or dismissed

**Memorandum Decision and Order - 3**

the claim pursuant to an independent and adequate state rule. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A procedurally defaulted claim must be dismissed unless the petitioner can establish valid cause for the default and actual prejudice flowing from the constitutional error, or he can show that a fundamental miscarriage of justice has occurred. *Id.* at 750.

## DISCUSSION

In his federal Petition, Petitioner contends that he was deprived of his constitutional right to the effective assistance of counsel. During his direct appeal, however, he argued only that the trial court abused its discretion in sentencing him. And although he raised claims of ineffective assistance during the state post-conviction proceeding in the district court, the Idaho Supreme Court dismissed the subsequent appeal as untimely. Therefore, his federal claim has not been presented to the highest state court in a procedurally proper manner, and because it is too late to do so now, it is procedurally defaulted.[1]

A defaulted claim may still be heard on the merits in federal court if the petitioner can establish "cause and prejudice." *Murray v. Carrier*, 477 U.S. 478,

---

[1] Petitioner does not argue that the Idaho Supreme Court's timeliness rule is an inadequate state procedural bar, based on inconsistency of application, and that matter will not be discussed further. *See Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003) (holding that once the Respondent has pled the existence of a procedural bar, the burden shifts to the petitioner to place the adequacy of the bar in issue).

**Memorandum Decision and Order - 4**

488 (1986).  To show cause, the petitioner must demonstrate that some objective factor external to the defense impeded his effort to comply with the state procedural rule at issue.  *Id*.  Here, Petitioner argues primarily that his *post-conviction* counsel's failure to file a timely notice of appeal is the cause for the default of his constitutional claim.

Ordinarily, a criminal defendant bears the risk of attorney error, and only a violation of the defendant's constitutional right to counsel will be attributable to the state.  *Murray*, at 486, 88-89.  But because there is no constitutional right to counsel in a post-conviction action, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."  *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

*Coleman* controls the outcome of this case.  There, the petitioner raised claims of ineffective assistance of counsel, among others, during a post-conviction proceeding.  The state district court issued a decision on the merits, but Petitioner's post-conviction counsel filed a notice of appeal three days out of time, and the state supreme court dismissed the appeal.  501 U.S. at 726-727.  When the petitioner attempted to re-raise his claims in federal court on habeas review, the United States Supreme Court concluded that they must be dismissed as procedurally barred.  *Id*. at 751. In reaching that conclusion, the Court held that the error by the petitioner's

**Memorandum Decision and Order - 5**

counsel in filing an untimely notice of appeal was not sufficient to excuse the default because the petitioner did not have a constitutional right to counsel at that stage of the proceeding. *Id*. at 752-754.

Under *Coleman*, Petitioner must bear the risk of his post-conviction counsel's errors, and those errors, including the filing of an untimely notice of appeal, will not excuse Petitioner's failure to present his claim to the Idaho Supreme Court in a proper manner.[2] Moreover, this case does not implicate the limited exception to the rule when an attorney acts without his or her client's authorization in a post-conviction proceeding in order to conceal the attorney's own incompetence. *See Manning v. Foster*, 224 F.3d 1129 (9th Cir. 2000) (excusing a default when counsel's actions were both "unauthorized and tainted by a conflict of interest").

Based on the foregoing, the Court concludes that Petitioner's habeas claim is procedurally defaulted without a showing of cause and prejudice. Respondent's Motion for Summary Dismissal shall be granted on that basis.

---

[2] In his Response, Petitioner also discusses his *direct appeal* counsel's failure to raise certain issues that were preserved in the trial court. But to the extent that Petitioner believes that his counsel was ineffective on direct appeal, he was required to properly exhaust that claim in the post-conviction proceeding, regardless whether he is offering it as a substantive claim for relief or as the purported cause of the default of other claims. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

**Memorandum Decision and Order - 6**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for the Appointment of Counsel (Docket No. 7) is DENIED.  Petitioner has been able to articulate his claims adequately and to respond to Respondent's Motion for Summary Dismissal.

IT IS FURTHER ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 9) is GRANTED, and the Petition for Writ of Habeas Corpus is DISMISSED.



DATED:  **November 12, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge